UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:23-CV-80299-ROSENBERG/REINHART

HUNTERS RUN PROPERTY OWNERS
ASSOCIATION, INC.,

    Plaintiff,

v.

CENTERLINE REAL ESTATE, LLC,
COASTAL MORTGAGE HOLDINGS, LLC,
WADE RINER, Individually and as Trustee
Of Offield Legacy Trust #2, Stockdick Land
Company, Aegis Capital TX LP, Brevard
Interests, Inc., and MONTI WILKINS,

    Defendants.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS

**THIS CAUSE** comes before the Court on the Motion of Plaintiff, Hunters Run Property Owners Association, Inc. ("Plaintiff" or "Hunters Run"), to Transfer Venue to the United States District Court for the Southern District of Texas ("Motion"), to be automatically referred to the United States Bankruptcy Court for the Southern District of Texas, pursuant to Federal Rule of Bankruptcy Procedure 7087, 28 U.S.C. §§ 1404(a) and 1412, and the Agreed Order Granting Hunters Run Property Association's Motion for Relief from Stay ("Agreed Order") in *In re: Nationwide Investors, LLC*, Case No. 22-33128 at DE 29 (Bankr. S.D. Tex. Feb. 9, 2023) ("Bankruptcy Case"). DE 11. Defendants, Centerline Real Estate, LLC ("Centerline"), Coastal Mortgage Holdings, LLC ("Coastal"), Wade Riner ("Riner"), and Monti Wilkins ("Wilkins") did

1

not file a response to the Motion.[1] The Court has reviewed the Motion and its exhibits, the record in this case, the record in the above-mentioned bankruptcy case, related cases, and applicable legal authority. For the reasons set forth below, the Motion will be granted and this action will be transferred to the United States District Court for the Southern District of Texas.

## BACKGROUND

Plaintiff alleges that Defendant Riner, through various shell entities he owns and controls, perpetrated a series of fraudulent transfers affecting Plaintiff. DE 11 at 2. According to the Motion, between June 6, 2017, and April 26, 2018, Defendant Centerline acquired title to seven condominium units in the Hunters Run community and was thus required to pay certain membership and other fees, but refused to do so. *Id.* at 5, 7. Plaintiff filed suit in 2018 and secured a judgment in 2020 against Centerline in the amount of $391,344.94, based on Centerline's refusal to pay the required fees. DE 11 at 3-4; *Hunters Run Prop. Owners Ass'n, Inc. v. Centerline Real Estate, LLC*, No. 18-CV-80407-REINHART, DEs 181, 183 (S.D. Fla. Mar. 23, 2020, Apr. 13, 2020) ("2018 Litigation"). Plaintiff now alleges that during the pendency of the 2018 Litigation and following entry of judgment in that litigation, Riner and certain of his entities engaged in a series of fraudulent transfers involving the properties to avoid paying the various fees, assessments, and judgment. *See* DE 11 at 3-6.

On January 4, 2021, Plaintiff filed this action in state court, Case No. 50-21-CA-132-MB (Fla. Cir. Ct. Jan. 4, 2021). Plaintiff alleges that Defendants' fraudulent transfers continued during the state court proceedings in this case and that Nationwide Investors, LLC, of which Riner is the

---

[1] It is unclear whether Defendants oppose the Motion. Plaintiff, in its Local Rule 7.1 Certification, indicates counsel attempted to confer with Defendants and was told Defendants' counsel of record no longer represented Defendants. However, Defendants' counsel has not filed a motion to withdraw from this case, nor was any motion to withdraw by Defendants' current counsel of record located on the state court docket from which this case was removed, No. 50-2021-CA-132 (Fla. 15th Jud. Cir., Palm Beach County).

2

sole principal, filed its petition in the Bankruptcy Case just one business day before the summary judgment hearing was to take place. DE 11 at 4-6; No. 50-21-CA-132-MB at Doc. Nos. 212-13 (Fla. 15th Jud. Cir. Oct. 24, 2022); No. 22-33128 at DE 1 (Bankr. S.D. Tex. Oct. 21, 2022). Pursuant to the automatic stay provision of 11 U.S.C. § 362, the case was stayed pending resolution of the Bankruptcy Case. No. 50-21-CA-132-MB at Doc. Nos. 212, 216 (Fla. Cir. Ct. Oct. 24, 2022 and Nov. 7, 2022).

In the Bankruptcy Case on February 9, 2023, the court entered the Agreed Order. DE 11 Ex. A; No. 22-33128 at DE 29. The court concluded in the Agreed Order that the instant lawsuit is a core proceeding under 28 U.S.C. § 157(b), venue in the bankruptcy court is proper under 28 U.S.C. §§ 1408 and 1409 and there is a basis for the requested relief under 11 U.S.C. §§ 105(a) and 362(d). *Id.* The court then ordered that the "automatic stay imposed by section 362(a) is hereby modified to permit the Hunters Run POA to (i) remove and transfer the 2021 Lawsuit to this court pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure and (ii) add the Debtor as a defendant in the 2021 Lawsuit." *Id.* Plaintiff then removed the case to this Court and subsequently filed the Motion.

**DISCUSSION**

Under Federal Rule of Bankruptcy Procedure 7087, "On motion and after a hearing, the court may transfer an adversary proceeding or any part thereof to another district pursuant to 28 U.S.C. § 1412, except as provided in Rule 7019(2)." Fed. R. Bankr. P. 7087. Under 28 U.S.C. § 1412, which is specific to bankruptcy cases, a court "may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. In determining whether a transfer is in the interest of justice under § 1412, courts may analyze a number of factors including (1) the presumption in favor of trying

3

cases "related to" a bankruptcy case in the court in which the bankruptcy is pending, (2) the economics of estate administration, (3) judicial efficiency, (4) the ability to receive a fair trial, and (5) plaintiff's choice of forum. *See Alderwoods Grp., Inc. v. Garcia*, 682 F.3d 958, 974 & n. 26 (11th Cir. 2012); *In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1391 (2d Cir. 1990); *UMB Bank, N.A. v. Sun Capital Partners V, LP*, No. 9:19-CV-80074, 2019 WL 90499056, at *1-3 (S.D. Fla. June 11, 2019); *In re Rohalmin*, 598 B.R. 900, 906 (Bankr. S.D. Fla. 2019); Fed. R. Bankr. P. 1014(a)(1).

Here, the relevant factors weigh in favor of transfer. First, the bankruptcy court has already concluded that this action is a core proceeding under 28 U.S.C. § 157(b), and, therefore, "related to" the bankruptcy case in the Southern District of Texas, so there is a presumption in favor of transfer. *See* DE 11 at Ex. A; 28 U.S.C. § 157(b)(2); *see also Smartmatic USA Corp. v. Dominion Voting Sys. Corp.*, No. 13-CV-5349, 2013 WL 5798986, at *5 (S.D.N.Y. Oct. 22, 2013) ("the single most significant circumstance favoring transfer . . . is the existence of a related action in another district."). Second, the bankruptcy court is in the best position to manage the economics of the estate administration, as the bankruptcy case is familiar with the case and already handling various issues relating to the estate. *See UMB Bank*, 2019 WL 90499056, at *1 (transfer to court where bankruptcy is being administered would result in more efficient and economical administration of the estate). Third, and similarly, transfer would promote judicial efficiency, as it would allow this adversary proceeding to be adjudicated in the court with the most familiarity with the facts and related proceedings, and would centralize claims relating to the Bankruptcy Case. *Id.* at *3. Fourth, there is no indication that Defendants would not receive a fair trial in the bankruptcy court, and Defendants have made no arguments otherwise. Fifth, Plaintiff originally

filed its lawsuit in Palm Beach County well before Nationwide filed its bankruptcy petition, and Plaintiff is the party now seeking transfer.

Finally, separate from the above factors, Plaintiff and Nationwide agreed on the record in the Bankruptcy Case that good cause existed for the transfer and that Nationwide should be added as a Defendant in the adversary proceeding.[2]  DE 11 at Ex. A; No. 22-33128 at DE 29 (Bankr. S.D. Tex. Feb. 9, 2023).  Accordingly, the Court concludes that this action should be transferred to the U.S. District Court for the Southern District of Texas, Houston Division, for referral to the U.S. Bankruptcy Court for the Southern District of Texas, Houston Division.

For the foregoing reasons, it is **ORDERED AD ADJUDGED** that the Plaintiff's Motion to Transfer Venue [DE 11] is **GRANTED**.  The Clerk of Court is hereby directed to **TRANSFER** this action to the United States District Court for the Southern District of Texas, Houston Division, for referral to the United States Bankruptcy Court for the Southern District of Texas, Houston Division administering *In re Nationwide Investors, LLC*, Case No. 22-33128.  The Clerk of Court is further directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 20th day of March, 2023.

Copies furnished to:  
Counsel of record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff also seeks, as additional grounds, a transfer for the convenience of the parties under 28 U.S.C. §§ 1412 and 1404. However, the Court may transfer an action "in the interest of justice *or* for the convenience of the parties," and thus need not decide whether to transfer the action for convenience purposes. *See UMB Bank*, 2019 WL 9049056, at *1 n.1; *In re Terry Mfg. Co. Inc.*, 323 B.R. 507, 509 (Bankr. M.D. Ala. 2005) ("Because § 1412 is phrased in the disjunctive, transfer may be based upon either the interest of justice or the convenience of the parties.").